IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GTI HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-01229-E |
| | § | |
| JAMES R SUDDUTH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant James Sudduth's Motion to Dismiss, which seeks to dismiss all claims Plaintiff GTI Holdings LLC (GTIH) asserted in its First Amended Complaint. (ECF No. 16). After considering Sudduth's Motion, the response, the reply, and the corresponding arguments, the Court DENIES Sudduth's Motion. The Court enumerates its reasoning below.

Generally, a motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982). Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs' pleadings to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Thus,

a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

"[D]ismissal for failure to state a claim based on the statute of limitations defense should be granted only when the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011) (internal quotation marks omitted); *see, e.g.*, *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 196 (5th Cir. 2021) (discussing the same). "[I]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [herself] out of court." *Sivertson v. Clinton*, No. 3:11-CV-0836-D, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (internal quotation omitted) (collecting cases); *see also, e.g.*, *Curtis v. Cerner Corp.*, 621 B.R. 141, 159 (S.D. Tex. 2020) ("In other words, the complaint must have effectively pled Plaintiff out of court for the statute of limitations to be grounds for dismissal.")

Here, GTIH has asserted several causes of action against Sudduth for misappropriation of trade secrets under the Defend Trade Secrets Act; for conversion; and for unjust enrichment. (ECF No. 15). Upon review of the First Amended Complaint, Sudduth's Motion, GTIH's response, and Sudduth's reply, the Court concludes Plaintiffs have pleaded specific facts which establish a plausibility of entitlement to relief on all of their corresponding causes of action. Furthermore, as pled, GTIH's First Amended Complaint does not effectively plead it out of court for the statute of limitations to be grounds for dismissal.[1] For the reasons enumerated above, the Court **DENIES** Defendant's motion to dismiss in its entirety.

**SO ORDERED.**

7th day of March, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Of course, the Court's decision on Sudduth's Motion to Dismiss does not preclude re-urging a statute of limitations basis for dismissal in the summary judgment context.